IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | | |
|---|---|---|
| ROBERT LEWIS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:07CV737 |
| | ) | |
| LEWIS SMITH, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Robert Lewis Smith, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § l915(a). Plaintiff names Lewis Smith, who he lists as an Assistant Superintendent at Albemarle Correctional Institution, and L. Gibson, a Sergeant at Lanesboro Correctional Institution, as defendants. Plaintiff alleges that when he was sent to segregation in June of 2004, his steel toed boots were taken from him at the direction of defendant Gibson. Apparently, Gibson put the boots in a supervisor's office. When Plaintiff was released from segregation, he went to retrieve the boots, but they could not be located.

Plaintiff seeks to proceed as a pauper. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or

malicious. 28 U.S.C. § 1915A. For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to Plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. White v. White, 886 F.2d 721 (4th Cir. 1989). The Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995)(en banc)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). The Court may dismiss a complaint under 28 U.S.C. § 1915A even though Plaintiff has not exhausted state administrative remedies.

Here, Plaintiff alleges what appears to be a negligent deprivation of property by state employees. At most, he is claiming an intentional deprivation of property by those employees.[1] Claims such as these were directly addressed by the United States Supreme Court in Hudson v. Palmer, 468 U.S. 517 (1984). Where a state provides an adequate

---

[1] Plaintiff alleges various injuries that he has suffered as a result of the loss of his boots. However, these do not amount to further deprivations of his rights by Defendants. The only actions or inactions alleged against Defendants deal with the loss of the boots. Other difficulties suffered by Plaintiff would only go to the damages stemming from the loss of the boots.

remedy under state law, no constitutional violation occurs due to a deprivation of property. Id. at 533. This is true whether the deprivation is intentional or negligent. Id.; Daniels v. Williams, 474 U.S. 327, 331-334 (1986). Here, Plaintiff affirmatively alleges not only that he was able to pursue a claim with the North Carolina Industrial Commission, but that the claim is still pending. Therefore, the State has provided him with a remedy and he has not yet even completed his pursuit of that remedy. Because he has an adequate state law remedy for his claims, he cannot state a claim under § 1983 in this Court. His complaint should be dismissed.

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed in forma pauperis will not be countenanced, with the exception that in forma pauperis status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted a complaint for filing, however, and, notwithstanding the above determination, § 1915(b)(1) requires that Plaintiff must agree that his funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order Plaintiff return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: November 2, 2007

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT LEWIS SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:07CV737 |
| | ) |
| LEWIS SMITH, et al., | ) |
| | ) |
| Defendant(s). | ) |

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____Plaintiff's signature: _____